# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

_____

IN RE:
JENNIFER C. GUNNISON AND                    Chapter 13
BRIAN GUNNISON,                             Case No. 08-15010-WCH
                    DEBTORS

_____

## MEMORANDUM OF DECISION

## I. <u>INTRODUCTION</u>

The matter before the Court is the Trustee's Objection to Debtors' Claim of Homestead
Exemption (the "Objection") filed by the Chapter 13 trustee (the "Trustee") and the Debtors'
Response to Trustee's Objection to Debtors' Claim of Homestead Exemption (the "Response") filed
by Jennifer C. Gunnison ("Jennifer") and Brian Gunnison ("Brian") (collectively, the "Debtors").
The Trustee asserts that the Debtors have impermissibly claimed two homestead exemptions under
the Massachusetts Homestead Statute (the "Homestead Statute"),[1] and as such, only the second is
valid.  The Debtors contend that this case presents two issues of first impression; namely, whether
a husband and wife living apart can each claim a separate homestead exemption on different
properties where one property is solely owned, and whether one spouse can release a prior homestead
declared by, and covering a property solely owned by, the other spouse by declaring a subsequent
homestead on a different property.  For the reasons set forth below, I will enter an order sustaining
the Objection.

_____

[1] Mass. Gen. Laws ch. 188, § 1 _et seq._

## II. BACKGROUND

The Debtors filed a voluntary petition with all schedules on July 8, 2008.  On Schedule A - Real Property ("Schedule A"), the Debtors disclosed fee simple ownership interests in two properties: 1466 Old Plainville Road, New Bedford, Massachusetts (the "Old Plainville Road Property"), and 1188 Sassaquin Avenue, New Bedford, Massachusetts, (the "Sassaquin Ave Property").  On their petition cover sheet, the Debtors listed Jennifer's street address as the Old Plainville Road Property and Brian's street address as the Sassaquin Ave Property.  Schedule A reflects that both properties are held jointly, but the Debtors now assert that the Old Plainville Road Property is owned solely by Jennifer.  Schedule A further reveals that the Old Plainville Road Property has a fair market value of $180,000 and is encumbered by a secured claim in the amount of $92,000, while the Sassaquin Ave Property has a current value of $205,000 and is encumbered by a secured claim in the amount of $280,000.[2]  On Schedule C - Property Claimed as Exempt ("Schedule C"), the Debtors claimed homestead exemptions pursuant to Mass. Gen. Laws ch. 188, § 1 on both the Old Plainville Road Property and the Sassaquin Ave Property in the amounts of $125,000 and $10,000, respectively.

On August 20, 2008, the Chapter 13 trustee (the "Trustee") convened the meeting of creditors pursuant to 11 U.S.C. § 341.  At the meeting of creditors, the Debtors testified that Brian lives at the Sassaquin Ave Property, while Jennifer lives at the Old Plainville Road Property.  The Debtors produced a Declaration of Homestead recorded by Jennifer on the Old Plainville Road Property on

---

[2] Schedule D - Creditors Holding Secured Claims ("Schedule D"), indicates that Alda Souza holds a first mortgage on the Old Plainville Road Property in the amount of $92,000, while ACS holds a first mortgage on the Sassaquin Ave Property in the amount of $221,000, and Citimortgage, Inc. holds a second mortgage on the Sassaquin Ave Property in the amount of $59,000.

November 8, 2007 (the "Old Plainville Road Homestead"), and a Declaration of Homestead recorded by Brian on the Sassaquin Ave Property on February 1, 2008 (the "Sassaquin Ave Homestead"). Two days after the meeting of creditors, the Trustee filed the Objection, asserting that the Sassaquin Ave Homestead terminated the Old Plainville Road Homestead, rendering the $88,000 in equity in the Old Plainville Road Property nonexempt and available for distribution through their Chapter 13 Plan.

On September 25, 2008, the Debtors filed the Response disputing the Trustee's conclusions. I conducted a hearing on the matter on October 3, 2008, at which time, Debtors' counsel represented that the Debtors are not legally separated, but have been separated in fact for over a year. Additionally, he clarified that Brian lives at the Sassaquin Ave Property, the former marital home, while Jennifer lives at the Old Plainville Road Property, which she solely owns.  At the conclusion of oral arguments, I took the matter under advisement.

### III. <u>POSITIONS OF THE PARTIES</u>

<u>The Trustee</u>

The Trustee relies on Mass. Gen. Laws ch. 188, § 1 for the proposition that the Debtors cannot not claim individual homestead exemptions and can only claim one homestead in one residence for the benefit of both.  Moreover, citing to *In re Leigh*,[3] she argues that under Mass. Gen. Laws ch. 188, § 2, the filing of a subsequent declaration of homestead terminates the prior estate.

<u>The Debtors</u>

The Debtors argue that Mass. Gen. Laws ch. 188, § 2 is inapplicable because it only applies to a prior homestead on the same property.  Moreover, the Debtors assert that the Trustee's reliance

---

[3] *In re Leigh*, 307 B.R. 324 (Bankr. D. Mass. 2004).

on *In re Leigh* is misplaced because that case dealt with two homesteads on the same property owned by the same person.[4]  Additionally, the Debtors note that *In re Leigh* relies on *In re Garran*,[5] a case whose facts are inapposite as it concerned a Chapter 7 debtor attempting to stack his homestead exemption under Mass. Gen. Laws ch. 188, §1A with his non-debtor spouse's subsequent homestead under Mass. Gen. Laws ch. 188, § 1.[6]

If I find that the Debtors are able to claim only one homestead, they assert that the Sassaquin Ave Homestead was void ab initio because Brian could not, as a matter of law, terminate Jennifer's prior declaration on her solely owned property.  The Debtors contend that it is illogical to conclude otherwise because only Jennifer, as the sole owner of the Old Plainville Road Property, can terminate the Old Plainville Road Homestead under Mass. Gen. Laws ch. 188, § 7.  The Debtors further note that this result is consistent with the proposed amendment to the Homestead Statute, which they contend merely clarifies how the current statute is to be applied.[7]

## IV. <u>DISCUSSION</u>

Pursuant to Mass. Gen. Laws ch. 188, § 1, "[a]n estate of homestead to the extent of $500,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home . . . who occupy or intend to occupy said home as a principal residence."[8]  This section,

---

[4] *Id.* at 330.

[5] *Garran v. SMS Financial V, LLC (In re Garran)*, 338 F.3d 1 (1st Cir. 2003).

[6] *Id.* at 4.

[7] *See* S.B. 2653, 2008 Leg., 185th Sess. (Mass. 2008) (as passed by the Senate on July 24, 2008).  I note that only the current text of the Homestead Statute is relevant to this discussion.

[8] Mass. Gen. Laws ch. 188, § 1.

4

however, is limited as follows:

> [O]nly one owner may acquire an estate of homestead in any such home for the benefit of his family; and *provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family*. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.[9]

Courts in this district have uniformly recognized that the Homestead Statute provides that an estate of homestead can be terminated one of three ways.[10]  Mass Gen. Laws ch. 188, § 7 provides that:

> An estate of homestead created under section two may be terminated during the lifetime of the owner by either of the following methods:--(1) a deed conveying the property in which an estate of homestead exists, signed by the owner and the owner's spouse, if any, which does not specifically reserve said estate of homestead; or by (2) a release of the estate of homestead, duly signed, sealed and acknowledged by the owner and the owner's spouse, if any, and recorded in the registry of deeds for the county or district in which the property is located.[11]

Additionally, under Mass. Gen. Laws ch. 188, § 2, "[t]he acquisition of a new estate or claim of homestead shall defeat and discharge any such previous estate."[12]

The matter now before me presents two issues of first impression, namely, whether a husband and wife living apart can each claim a separate homestead exemption on different properties where one property is solely owned, and whether one spouse can release a prior homestead declared by, and covering a property solely owned by, the other spouse by declaring a subsequent homestead on a different property.   To decide these issues, I must determine how the Supreme Judicial Court of

---

[9] *Id.* (emphasis added)

[10] *In re Leigh*, 307 B.R. at 329-330; *In re Taylor*, 280 B.R. 294, 297 (Bankr. D. Mass. 2002); *In re Webber*, 278 B.R. 294, 298 n.4 (Bankr. D. Mass. 2002); *In re Garran*, 274 B.R. 570, 574 (Bankr. D. Mass. 2002).

[11] Mass. Gen. Laws ch. 188, § 7.

[12] Mass. Gen. Laws ch. 188, § 2.

5

Massachusetts would rule.[13]

In *Dwyer v. Cempellin*,[14] the Supreme Judicial Court provided the following guidance with respect to the Homestead Statute:

> Homestead laws are based on a public policy which recognizes the value of securing to householders a home for the family regardless of the householder's financial condition. 'The preservation of the home is of paramount importance because there the family may be sheltered and preserved.' . . . 'Public policy dictates that exemption laws, such as homestead provisions, should be liberally construed to comport with their beneficent spirit or protecting the family home.'

> The obvious legislative purpose of G.L. c. 188, § 1, is to protect the home from the claims of creditors for the benefit of the homestead declarant and his or her family. We conclude that, in light of the public policy and the purpose of the statute, the State homestead exemption should be construed liberally in favor of the debtors.[15]

"Even the most liberal construction of the Massachusetts homestead exemption, however, will not permit the Court to ignore the explicit language of the statute."[16] Mass. Gen. Laws ch. 188, § 1, unequivocally states "that an estate of homestead may be acquired on *only one principal residence* for the benefit of *a family*."[17] "Family," for purposes of Mass. Gen. Laws ch. 188, § 1,

---

[13] *See In re Miller*, 113 B.R. 98, 101 (Bankr. D. Mass. 1990; *see also In re Garran*, 338 F.3d at 6 (recognizing that where Massachusetts courts have not yet addressed an issue, the court must predict how the Massachusetts Supreme Judicial Court would interpret the statute); *Caron v. Farmington Nat'l Bank (In re Caron)*, 82 F.3d 7, 9 (1st Cir. 1996) (holding that a federal court must decide an issue regarding the interpretation of a state law according to its anticipation of how the highest state court would hold); *Hildebrant v. Collins (In re Hildebrant)*, 320 B.R. 40 (B.A.P. 1st Cir. 2005); *In re Desroches*, 314 B.R. 19 (Bankr. D. Mass. 2004)

[14] *Dwyer v. Cempellin*, 424 Mass. 26 (1996).

[15] *Id.* at 29-30 (citations omitted).

[16] *In re Cassese*, 286 B.R. 472, 475 (Bankr. D. Mass. 2002).

[17] Mass. Gen. Laws ch. 188, § 1.

includes a husband and wife.[18]  While the Debtors may be separated in fact, they remain legally

married and thus are a single "family" for purposes of the Homestead Statute.[19]  Therefore, only one

of the two homestead declarations is valid.

In *Dwyer v. Cempellin*, the Supreme Judicial Court held that the Homestead Statute limits

the availability of an exemption to one member of each family residing in the same home.[20]

Accordingly, once an owner records a valid declaration on a home, any subsequent recording on the

same home would be entirely ineffective without a release of the first.[21]  Courts have held, however,

that a subsequent declaration under a different section of the Homestead Statute by a co-owning

family member will defeat a prior declaration of homestead.[22]  In *In re Garran*, the United States

Court of Appeals for the First Circuit affirmed Judge Feeney's holding that a Chapter 7 debtor's

homestead under Mass. Gen. Laws ch. 188, § 1A was defeated by his non-debtor spouse's

subsequent declaration of a homestead under Mass. Gen. Laws ch. 188, § 1.[23]  The court of appeals

reasoned that the non-debtor spouse's declaration under Mass. Gen. Laws ch. 188, § 1 was a "new

claim of homestead" under Mass. Gen. Laws ch. 188, § 2, terminating the prior estate just as if she

---

[18] Mass. Gen. Laws ch. 188, § 1.

[19] *See In re Taylor*, 280 B.R. at 298 (finding separated spouses still legally married to be in the same "family" for purposes of Mass. Gen. Laws ch. 188, § 1.); *but see In re Cassese*, 286 B.R. at 475 (finding divorced spouses were not in the same "family" for purposes of Mass. Gen. Laws ch. 188, § 1).

[20] *Id.* at 27 n. 4.

[21] *Id.* at 30; *In re Sebio*, 237 B.R. 1 (Bankr. D. Mass. 1999).

[22] *In re Garran*, 338 F.3d at 7.

[23] *Id.*

7

had purchased a new home.[24]

While the Debtors are correct that the facts of *In re Leigh* are inapposite, the case remains instructive nonetheless.  In that case, Judge Boroff concluded that sequential declarations of homestead on the same property by the same individual terminated the prior estate of homestead.[25] Relying on *In re Garran*, Judge Boroff noted that there is nothing in the Homestead Statute that limits the application of Mass. Gen. Laws ch. 188, § 2 to a new home purchase.[26]

Based on these cases, I find that Brian's subsequent declaration and recording of the Sassaquin Ave Homestead terminated Jennifer's prior Old Plainville Road Homestead.  Regardless of whether the Old Plainville Road Property is held solely by Jennifer or jointly between the Debtors, the acquisition of a new estate by Brian, as a member of her family and for her benefit, terminated the prior estate.  The Sassaquin Ave Homestead would not have been a nullity under *Dwyer v. Cempellin* because Brian declared a homestead on a different home than Jennifer, creating a new estate.  In this way, the present case is more analogous to *In re Garran*, as declaring a homestead on a different property and declaring one under a different section of the Homestead Statute similarly create a new estate.  Accordingly, only the Sassaquin Ave Homestead remains valid.

---

[24] *Id.* at 7-8.

[25] *In re Leigh*, 307 B.R. at 330.

[26] *Id.* at 331.

## V. **CONCLUSION**

In light of the foregoing, I will enter an order sustaining the Objection.

_____
William Hillman
United States Bankruptcy Judge

Dated: November 7, 2008